SULLIVAN, Justice,
for the Court:
Johnny D. Brown, Jr., was tried and convicted in the Circuit Court of the Second Judicial District of Bolivar County for sale of a controlled substance (cocaine) and sentenced to serve a term of fifteen (15) years in the custody of the Mississippi Department of Corrections and pay a fine of Five Thousand Dollars ($5,000.00). From this conviction and sentence, Brown appeals and assigns as his sole proposition of error:
I. THAT THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE PRESENTED AND WAS CONTRARY TO LAW.
Henry Harris, a Greenwood Police Officer was working under cover in Mound Bayou with William Quinton of the Cleveland Police Department and Bureau of Narcotics Agent Timothy Rutledge on the night of November 28, 1984, when Harris purchased $50.00 worth of cocaine from Johnny D. Brown, Jr. Harris, did not know Brown but was introduced to him by James Davis, á confidential informant. At the trial Officer Harris testified that Brown was the man from whom he purchased $50.00 worth of cocaine. Quinton testified that he did not see who made the sale and Agent Rutledge also testified that he did not see who made the sale.
Brown took the stand and testified that another person made the sale to Officer Harris and that he, Brown, did not. The issue before us is one of conflicting testimony by two witnesses. We do not weigh the credibility of that testimony. The jury does.
As we said in Watson v. State, 465 So.2d 1025, 1030 (Miss.1985), “The mere fact that there is an even balance of one prosecuting witness for the state and one defense witness for the defense, the defendant, does not prevent the jury from weighing the credibility of each, in deciding the issue.”
In Bingham v. State, 434 So.2d 220, 226 (Miss.1983), we said “We invite the attention of the bar to the fact that we do not reverse criminal cases where there is a straight issue of fact, or a conflict in the facts; juries are impaneled for the very purpose of passing upon such questions of disputed fact, and we do not intend to invade the province and prerogative of the jury.”
From our review of this record we are satisfied that the assignment of error in this case is without merit. The conviction for sale of a controlled substance and sentence of fifteen (15) years in the custody of the Mississippi Department of Corrections and fine of Five Thousand Dollars ($5,000.00) are affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE; PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.